IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MIRANDA MAE O'MARY,

        Plaintiff,

v.                                                    CIV 14-0036 KBM

CAROLYN COLVIN,

Acting Commissioner of Social Security,

        Defendant.

## ORDER AWARDING EAJA ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act *(Doc. 28)*.  The Court has reviewed the motion and affidavits, as well as the response and reply briefs.  The Commissioner says that she "feels compelled by her duty to safeguard the public fisc to object to Plaintiff's EAJA Motion" and yet argues for "only a modest reduction" in the requested award amount. *Doc. 29* at 1.  Specifically, she contends that Plaintiff's request includes compensation for "duplicative work and clerical tasks" such that it is excessive.

The Court well understands its independent duty to review any fee request to make sure that only a reasonable fee is awarded and that "excessive, redundant, or otherwise unnecessary" hours are excluded.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  Yet the Court is troubled by the Commissioner's use of her own scarce resources to ferret out what she considers to be unreasonable excessive fees for which she was willing to settle for a mere $254.76 reduction in the requested award. In fact,

Plaintiff could have sought, but has chosen not to, even more attorney fees in the amount of $517 for the 2.75 hours expended in preparing the reply brief on this motion. *See Commissioner v. Jean*, 496 U. S. 154 (1990) (holding fee-defense work to be compensable under the EAJA, 28 U. S. C. §2412(d)(1)(A)).

Moreover, the Commissioner criticizes an award of fees for both Ms. McDowell and Mr. Armstrong for time spent reviewing drafts, suggesting revisions and thereby improving their briefs on the appeal. The brief submitted by the Commissioner, however, could have well-benefitted from a "second look."  *See e.g., Doc. 29* at N.1 ("Error! Main Document Only.").  Finally, for *all* the reasons set forth in Plaintiff's reply, the Court finds that Plaintiff has shown that her requested attorney fees were reasonable and necessary in prosecuting this case to its successful conclusion – an *unopposed* motion to remand.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act *(Doc. 28)* is granted.  Attorney fees and expenses are hereby awarded under 28 U.S.C. § 2412(d), payable to Plaintiff in the requested amount of $6,254.76.  *See Astrue v. Ratliff*, 130 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that**,** if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

2